■ In the Matter of LEIGH J., Alleged to be a Permanently Neglected Child. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN J., Appellant.—Mikoll, J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered October 21, 1987, which granted petitioner's application, in a proceeding pursuant to Social

Services Law § 384-b, to adjudicate Leigh J. a permanently neglected child, and terminated respondent's parental rights.

Leigh J. was removed from her mother's custody after incidents of physical abuse and placed in a foster home on April 21, 1981. The child has been in a foster home since that time, except for brief visits with her mother. She has serious physical problems caused by her mother's abuse and has undergone a series of operations to correct an injury to her leg with further corrective surgery contemplated. The child's leg is most fragile and she needs a great deal of care. She also has deep-seated emotional problems. After unsuccessful efforts to reunite the child with her mother and after further physical abuse, the mother's rights were terminated in 1986 and custody was awarded to petitioner. Petitioner's initial relationship with respondent, the child's father, was to facilitate his visitation with the child. Respondent was out of the area for some four years and his visits with the child were very few. However, despite various attempts, it appeared that no progress was being made to reunite respondent with his daughter and, therefore, petitioner filed a permanent neglect petition seeking to terminate respondent's parental rights.

After a hearing, Family Court found that respondent had substantially, continuously or repeatedly failed to maintain contact with or plan for the future of the child although physically and financially able to do so, and that the best interest of the child would be promoted by abrogating respondent's parental rights. The court found that petitioner made diligent efforts to encourage and strengthen the parental relationship and such efforts have been unsuccessful. Specifically, it was found that petitioner made arrangements for respondent to visit and/or maintain contact with the child, attempted to arrange for respondent to plan for the child, provided services and other assistance to respondent so as to make way for the discharge of the child from petitioner's care, and kept respondent aware of the child's progress and needs. Consequently, the child was found to be permanently neglected and respondent's parental rights were terminated. This appeal ensued.

Respondent contends that the record fails to demonstrate diligent efforts by petitioner to work toward reuniting respondent with his daughter. It is his contention that the efforts were not adequate considering the child's unique needs, the frequent rotation of petitioner's staff assigned to the case, the bond between the foster parents where the child has been for

over four years and petitioner's agenda of unrealistic goals set for respondent.

We find respondent's contentions without merit. An agency must prove by clear and convincing evidence that it has exercised diligent efforts to encourage and strengthen the parental relationship. Thereafter the parents have a duty to take the initiative and responsibility to plan for the future of the child (*Matter of Jamie M.*, 63 NY2d 388, 393).

The record indicates that for many years respondent was an absent father; he worked for marginal wages and his visitation with the child was sporadic. The child had larger than normal needs because of her disability. These needs were both physical and emotional. Petitioner made a determined effort during the last eight months before the petition was filed to affect progress in resolving the child's unstable situation and to reunite her with respondent. It was obvious that respondent, though not an unloving father, had minimal appreciation of the care that the child required. He tended to be passive in his relationship with her and failed to exercise the control over the child necessary to protect her from further injury to her leg. Her surgeries required some 18 months of rehabilitation, with concomitant constant care. It would take serious preparation on respondent's part to become ready to adequately assume the child's care.

We also disagree with respondent's contention that the agenda set by petitioner was unrealistic. His failure to cooperate in a meaningful way in removing barriers to provide for the child's housing and insurance needs, and in otherwise making strides to assume the burden of her special needs, justifies petitioner's action and provides clear and convincing evidence that respondent failed to maintain contact with the child and to plan for her future. Family Court's order should be affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.